UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOLLY O.,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. C18-1423-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, this matter is REMANDED for an award of benefits.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1970.[1] She completed high school, attended some community college, and obtained certifications for working with the developmentally disabled.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

(AR 133-34.) Plaintiff has past relevant work as a cashier II, home attendant, stock clerk, cashier/ salesperson, merchant patroller, and resident supervisor. (AR 46-47, 143-45.)

Plaintiff protectively filed DIB and SSI applications on October 1, 2013, alleging disability beginning October 1, 2004. (AR 424-31.) The applications were denied initially and on reconsideration.

ALJ Wayne Araki attempted to hold hearings in this matter on June 19, 2015 and December 15, 2015, but on each occasion postponed the hearing to allow plaintiff time to secure counsel and provided ideas on how she could find a legal representative. (AR 58-81.) In June 2015, the ALJ noted he would obtain additional medical records from providers plaintiff identified. (AR 64-65.) In December 2015, plaintiff indicated an attorney had agreed to represent her and that she had been receiving treatment from a new provider. (AR 70-75.) The ALJ advised plaintiff to tell the attorney to obtain additional records, entailing some six months of therapy notes, from the new provider (AR 76-77.) Plaintiff appeared at a third hearing on June 28, 2016 with a representative and the ALJ took testimony from plaintiff and a vocational expert (VE). (AR 82-149.) Plaintiff's representative told the ALJ she had no objections to the record with one exception and provided a June 17, 2016 letter from plaintiff's counselor, Gary Dolan. (AR 84-85.) Plaintiff also amended her alleged onset date to August 15, 2011. (AR 85.) On September 28, 2016, the ALJ issued a decision finding plaintiff not disabled. (AR 35-49.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on December 14, 2017 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found the following impairments severe: affective disorder, major depressive disorder, bipolar disorder, eating and tic disorder, personality disorder, post-traumatic stress disorder (PTSD), panic disorder, obsessive-compulsive disorder, and history of substance abuse disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform a full range of work at all exertional levels, but with the following non-exertional limitations: remember, understand, and carry out instructions for tasks generally required by occupations with an SVP of 1 or 2; assigned tasks should be able to be completed without the assistance of others, but occasional assistance would be tolerated; occasional superficial interaction with the general public; occasional interaction with coworkers and supervisors; and able to adjust to work setting changes generally associated with occupations with an SVP of 1 or 2. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant

retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a cook helper, janitor, tree planter, and agricultural sorter.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers the ALJ failed to base his decision on substantial evidence, erred in assessing her RFC and symptom testimony, and erred at step five. She bases the step five error on errors in the evaluation of medical opinions and argues the failure to properly evaluate the medical evidence tainted the evaluation of her symptom testimony. She requests remand for an award of benefits or, alternatively, further administrative proceedings.

The Commissioner concedes error in the evaluation of three medical opinions and agrees those errors undermine the substantial evidence support for the ALJ's RFC determination and step five conclusion. She denies error in the consideration of the opinions of non-examining State agency psychological consultants. The Commissioner also disagrees this matter is properly remanded for an award of benefits and seeks a remand for further administrative proceedings.

Remand Standard

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). It "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Under that rule, "when 'the record before the agency does not support the agency action, . . . the agency has not considered all relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Treichler*, 775 F.3d at 1100 (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985), and citing *Gonzales v. Thomas*, 547 U.S. 183, 185 (2006)).

To depart from the ordinary remand rule and award benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must find the record has been fully developed and further administrative proceedings would serve no useful purpose. *Id*. In so doing, the Court considers the existence of outstanding issues that must be resolved before a disability determination can be made. *Id*. Third, with the first two conditions satisfied, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021). *Accord Leon*, 880 F.3d at 1045 ("When these first two conditions are satisfied, we then

ORDER
PAGE - 5

credit the discredited testimony as true for the purpose of determining whether, on the record as a whole, there is no doubt as to disability."); *Treichler*, 775 F.3d at 1101 (the Court asks whether the record leaves not the slightest uncertainty as to the outcome).

Even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy. *Brown-Hunter*, 806 F.3d at 495. The Court may remand for further proceedings where the record, considered as a whole, creates serious doubt as to whether a claimant is disabled. *Id*. As stated by the Ninth Circuit:

> The touchstone for an award of benefits is the existence of a disability, not the agency's legal error. To condition an award of benefits only on the existence of legal error by the ALJ would in many cases make "disability benefits . . . available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)."

*Id.* (quoted sources omitted). *Accord Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.") If the record is uncertain and ambiguous as to disability, the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

### Application of Remand Standard

The Commissioner concedes error in the ALJ's consideration of the opinions of examining psychologists Dr. Ellen Walker (AR 1026-29) and Dr. Douglas Uhl (AR 805-13), and the opinion of examining nurse practitioner Susan McCarthy (AR 724-38). She states that, given these errors, substantial evidence does not support the RFC or step five conclusion.

The Commissioner denies the ALJ erred in evaluating the opinions of non-examining State agency psychological consultants. That is, while Drs. Renee Eisenhauer and Jerry Gardner opined plaintiff's symptoms were likely to "affect her ability to maintain a steady pace", they concluded:

. . . but it will not prevent her from earning [substantial gainful activity (SGA)]." (AR 213, 243.) Also, the ALJ's step five finding identified jobs with a reasoning level 1, requiring only the ability to carry out simple one-or-two step instructions. (AR 48, 137.) The Commissioner denies any conflict, arguing the ALJ reasonably interpreted and accounted for the fact plaintiff's impairments would "affect" her pace, but not prevent her ability to work at SGA levels.

The Commissioner maintains outstanding evidentiary conflicts necessitate further proceedings in this matter. Specifically, she points to a conflict between the opinions of all four non-examining State agency psychologists, Dr. Kent Reade in May 2012 (AR 159-60), Dr. Patricia Kraft in August 2012 (AR 185-87), Dr. Eisenhauer in December 2013 (AR 212-14), and Dr. Gardner in March 2014 (AR 242-44), and the severe and/or marked limitations assessed by Dr. Walker in July 2015, Dr. Uhl in July 2013, and McCarthy in July 2011. The Commissioner also asserts the ALJ should consider in the first instance a 2017 letter from Dolin (AR 23-24), plaintiff's counselor. While plaintiff submitted the letter in her request for review, the Appeals Council found it did not show a reasonable probability of changing the outcome and did not consider and exhibit the evidence. (AR 2.) The Commissioner requests that, on remand, the ALJ further evaluate and address the opinions of Dr. Walker, Dr. Uhl, and McCarthy, reassess plaintiff's RFC and subjective complaints, and, if warranted, obtain evidence from a psychological expert and supplemental VE testimony.

The Commissioner does not address all errors alleged in this matter. She does not, for example, address plaintiff's assertion the ALJ failed to obtain outstanding medical records from Dolan, of internal inconsistency in finding her more limited than opined by Drs. Kraft and Reade, that there is sufficient objective medical evidence of her inability to function consistently in a work setting, the failure to adequately address other medical opinions in the record supporting her

allegations, or that the failure to properly evaluate the medical evidence tainted the evaluation of her symptom testimony.[2]

The Court finds errors beyond those conceded by the Commissioner. For example, while the ALJ described the April 2012 findings of consultative examining psychologist Dr. John Neer in outlining the medical evidence of record (AR 41), he did not evaluate Dr. Neer's opinions plaintiff would be at risk for managing funds, may be able to perform simple and repetitive tasks, "although probably not on a consistent basis[,]" may struggle with interacting with supervisors, coworkers, and the public, and that "[i]n general, her mental illness appears to be rather severe and she would not be able to complete a normal workday or workweek without notable interruptions." (AR 797 (also stating plaintiff "may benefit from therapy, although her illness seemed to be rather severe[,]" and finding it very unlikely she would experience significant improvement in the next twelve months).) The ALJ, at most, identified and provided reasons for rejecting the global assessment of functioning (GAF) score assigned by Dr. Neer. (AR 45.)

The ALJ also repeatedly erred in citing to evidence as supporting his conclusion objective mental status examinations (MSEs) showed plaintiff was not as limited as alleged by plaintiff or found by examiners, and in finding that evidence consistent with the opinions of the non-examining psychologists. (*See* AR 42-43 (citing AR 794-97, 806, 816-18, 897, 910, 917-18).) A few of the cited records provide support for the ALJ's conclusion. (AR 897, 910 (normal MSEs in December 2014 and July 2015) and AR 816-17 (normal "though rather verbal" in October

---

[2] Plaintiff also points to "borderline inappropriate" comments made by the ALJ at hearing. (Dkt. 10 at 8; AR 113-14 ("[Q] So, you want me to write your blank check and say just take care of her for the rest of her life, that's what she needs? Is that what you're asking? [A] I don't know if I have a life if I didn't go to counseling right now. [Q] Well, so, so I'm asking you, you want me to write you a blank check and say take care of her for the rest of her life if she wants it because she's not willing to take responsibility? I mean that's basically what it sounds like. [A] I have tried to take responsibility by going to counseling and trying to be a functional person. [Q] But you've been going to counseling you said almost daily, almost weekly for two years, and you still think you need it weekly. [A] Yes. And so does my counselor. Yeah."))

ORDER
PAGE - 8

2013).) However, the other records contain notably contrary observations and findings. Dr. Neer noted very rapid speech, rambling, disorganized, and circumstantial thinking, difficulty in redirecting, depressed mood, and crying off and on throughout evaluation. (AR 797-98.) He described plaintiff as presenting with notable anxiety, depression, and mania, extremely poorly regulated in her emotions, scattered thoughts, and with an inability to answer questions. (AR 797.) Dr. Uhl described plaintiff as anxious, moody, and labile, and identified several MSE categories outside normal limits, with problems tracking and staying on task, very anxious perception, and limited insight and judgment. (AR 808; *see also* AR 806 ("Hard for her to stay on topic. Wanders about when responding to a question.")) In the August 2013 treatment note cited, a provider found plaintiff lacked judgment regarding every day activities, inappropriate in social situations, and with pressured thought processes and impaired concentration. (AR 818.)

The ALJ unreasonably relied upon the above-described evidence in rejecting plaintiff's symptom testimony, the opinions of Dr. Walker and Dr. Uhl, and the June 2016 letter from Dolin, and in accepting, in whole or in part, the opinions of Drs. Reade, Kraft, Eisenhauer, and Gardner. (AR 42-43, 45-46.) It also appears the non-examining psychologists offered their opinions without consideration of the evidence from Dr. Walker, Dr. Uhl, or Dolin. (*See* AR 152-75, 178-229, 234-61.) There is, moreover, minimal other reasoning and evidence offered by the ALJ in support of his rejection of plaintiff's symptom testimony. (*See* AR 42 (finding plaintiff's history of medical treatment and activities of daily living did not support the level of subjective complaints without describing treatment, activities, or evidence supporting that conclusion, but citing evidence in support of conclusion plaintiff had not been forthright regarding her use of alcohol and whether abusing it had ever caused her to lose a job).) The Court, for all of these reasons, is not persuaded the mere existence of a conflict between the opinions of the non-examining doctors and the

examining doctors and other medical providers suffices to create an outstanding issue that must be resolved before a disability determination can be made.

In addition, the record in this matter now contains an unaddressed and significantly more detailed letter from Dolin outlining his observations and perceptions regarding plaintiff and appears to omit counseling notes from this treating provider. Because plaintiff had a representative who could have updated the medical record at or after the 2016 hearing and maintains that representative offered ineffective assistance, the Court does not find the ALJ failed in his duty to fully and fairly develop the record. *See generally Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). However, the absence of any analysis of Dolin's March 2017 letter does not necessarily support a remand for further proceedings. That is, whether or not germane reasons exist for rejecting Dolin's opinion, the letter is consistent with plaintiff's testimony and the medical opinions the ALJ failed to provide legally sufficient reasons for rejecting. (*See* AR 23-24 (describing, *inter alia*, social awkwardness, low frustration tolerance, debilitating level of anxiety, absence of self-regulatory controls, difficulties in communicating, interacting socially and with authority figures, with distraction and completed tasks; acknowledging plaintiff's abilities, such as full orientation, cooperative behavior in therapy, intelligence, knowledge, and intact memory, while observing she also fails to take responsibility, her talkative, rambling, and confusing communication style, limited insight and defects in judgment, impulsive stream of thoughts, illogical interpretation of events, pressured, fast, and scattered speech, inappropriate and over-reactive affect, tangential, evasive, and perseverative thought processes when under stress, hypersensitivity, increased levels of fear, anger, irritability, and resentment, and rigid thinking).) As with the other medical opinions at issue, the Court declines to find this letter creates an outstanding issue necessitating further consideration on remand.

Finally, considering all of the above and the record as a whole, the Court concludes crediting the improperly discredited evidence as true would necessitate a finding of disability on remand. There is little to no evidence beyond the assessment of the non-examining psychologists and some scattered findings on MSE contradicting plaintiff's testimony and supportive medical opinions as to the degree of her impairment. Because the record is neither uncertain, nor ambiguous as to disability, the matter is properly remanded for an award of benefits.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for an award of benefits.

DATED this 13th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge