UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOLLY A. O'NEILL,

                 Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

                 Defendant.

CASE NO. C18-1423-MAT

ORDER RE: MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES

INTRODUCTION

Plaintiff filed a motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 24.) She requests $12,459.25 in attorney fees. While not disputing plaintiff's entitlement to fees as a general matter, the Commissioner argues the amount sought is unreasonable. He requests a twenty-five percent reduction, for a total of $9,344.44 in fees. (Dkt. 28.) Plaintiff did not reply to the Commissioner's request for a reduction. The Court, for the reasons set forth below, concludes plaintiff's motion should be GRANTED in part, and plaintiff awarded a reduced amount of attorney fees.

---

[1] Andrew M. Saul is now Commissioner of the Social Security Administration (SSA). Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant.

ORDER
PAGE - 1

DISCUSSION

Under EAJA, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes the position of the government was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Having secured a remand of this matter, plaintiff is the prevailing party. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). There are no special circumstances that would make an award unjust and, as implicitly conceded by the Commissioner, the government's position was not substantially justified. The only issue in dispute is the amount of attorney fees properly awarded.

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Id*. at 434. The Court must also consider the results obtained when determining whether the fees requested by a prevailing party for an unsuccessful appeal are reasonable. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (citing *Hensley*, 461 U.S. 424).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley*, 461 U.S. at 437. However, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

The Commissioner here argues the sixty-one hours expended by plaintiff's counsel in this

case is excessive. The Court agrees a reduction is warranted.

As the Commissioner observes, many district courts have "noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012). However, while a court may consider that fact, it should not "apply a de facto policy" limiting claimants to that range of hours in "'routine' cases." *Id*. A determination of amount of time reasonably spent "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Id*.

As with many, if not most Social Security disability matters, the medical record in this case was substantial, comprising over 500 pages of the some 1100-page administrative record. (*See* Dkt. 8.) Notwithstanding the significant size of the medical record, the sixty-one hours spent working on this case substantially exceeds the amount of time typically devoted to a Social Security case. *See, e.g., Stearns v. Colvin*, No. 14-5611, 2016 WL 730301 at *5 (W.D. Wash. Feb. 24, 2016) ("[I]ncurring more than 35 hours drafting the Opening Brief and 49.7 hours for the entire case makes this fee petition one of the highest this Court has ever been presented with for a Social Security case, if not the highest it has been presented with.")

Nor does the amount of time spent appear reasonable in relation to this particular case. Counsel spent thirty-seven hours reviewing the transcript, conducting research, and drafting the opening brief. (Dkt. 24-1.) The resulting opening brief totaled only ten pages. While it contained some precise arguments on narrow assignments of error, the brief otherwise addressed issues only generally. Counsel, for example, identified error in multiple medical opinions collectively and devoted a single paragraph to error in the evaluation of symptom testimony. (*See* Dkt. 10 at 7, 9-10.) Moreover, after the Commissioner conceded harmful errors and the need for remand, counsel

ORDER
PAGE - 3

for plaintiff billed over eleven hours for preparing a four-page reply brief that addressed solely the question of the proper remedy on remand.  (*See* Dkt. 18.)

Because counsel for plaintiff did not respond to the Commissioner's objection to the amount of fees requested, it remains unclear why counsel required sixty-one hours to work on this matter.  The Court is left with counsel's assertion in the motion for fees that "the time of Plaintiff's attorney . . . accurately reflects the time spent before this Court."  (Dkt. 24 at 1.)  The Court finds the time spent to exceed what would reasonably be expected in this case.

The Court, in sum, agrees counsel devoted an unreasonable number of hours to this matter and that the fee award should be reduced.[2]  The Court further finds a twenty percent reduction of the fees originally sought by plaintiff in her motion, which equates to a deduction of approximately twelve hours of work, appropriate to account for the excessive and unnecessary hours expended.

## CONCLUSION

Plaintiff's motion (Dkt. 24) is GRANTED in part.  The Court finds plaintiff entitled to attorney fees in the amount of $9,967.40.  Subject to any offset allowed under the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of the award should be made to plaintiff's attorney.  The Clerk shall send copies of this Order to the parties.

DATED this 30th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

---

[2] The Commissioner also observes counsel for plaintiff utilized the 2019 statutory maximum rate under EAJA for all hours billed, including the slightly over ten hours billed in 2018, providing a basis for further reduction.  (Dkt. 28 (citing Dkt. 24-1 at 1-4 and https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 ($204.25 an hour for the first half of 2019 and $201.60 for 2018).))  While accurate, the reduction warranted by this error amounts to a difference of only $27.03.  The Court, as such, finds an overall reduction in the percentage of fees sought an appropriate solution.